**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| DAVID HOPKINS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 2:11-CV-100-RWS |
| JOHN DOE #1, *et al.*, | : |
| Defendants. | : |

**ORDER**

This case comes before the Court on Defendant Topix, LLC's Motion to Dismiss [4], Plaintiff's Motion to Amend His Complaint [8], and Plaintiff's Motion to Remand to State Court [9]. After a review of the record, the Court enters the following order.

On March 22, 2011, Plaintiff David Hopkins, *pro se*,[1] filed suit against John Does #1-26 and Topix in state court, asserting various state-law claims

---

[1] Because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 2010 WL 3273056, at *2 (11th Cir. August 19, 2010).

predicated upon defamatory statements that the John Does made about the Plaintiff on Defendant Topix's discussion-forum website.[2] See Cmpl., Dkt. No. [1-1]. On April 27, 2011, Defendant Topix then removed the action citing diversity, as Topix is a citizen of California, Delaware, Illinois, and Virginia while the Plaintiff is a Georgia resident. Dkt. No. [1] at 8. As well, Topix moved to dismiss Plaintiff's claims because they are preempted by the Communications Decency Act of 1996 ("CDA"). Dkt. No. [4]. Following that motion, Plaintiff moved to amend his complaint to remove any defamation claim against Topix which, in his opinion, would remedy the CDA's preemption. Dkt. No. [8]. He also moved to remand the action to state court asserting that many of the John Does will be Georgia residents. Dkt. No. [9]. The Court will consider each motion in turn.

**A. Plaintiff's Motion to Amend and Defendant's Motion to Dismiss**

Plaintiff first moves to amend his complaint to remove his defamation count against Defendant Topix and to change the requested punitive damages demand from 15 million to 1.5 million. Topix does not oppose this amendment

---

[2] Plaintiff originally brought claims of defamation, gross negligence, tortious interference with business relations, fraudulent misrepresentation, "unfair sanctions," and "retaliatory actions" against the Defendants. Cmpl., Dkt. No. [1-1].

2

but argues that, contrary to Plaintiff's position, this amendment would be futile as all of Plaintiff's remaining state-law claims are still barred by the CDA.

Rule 15 directs the Court to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Despite that instruction, leave to amend is "by no means automatic." Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979). The trial court has "extensive discretion" in deciding whether to grant leave to amend. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999). A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." Id. A claim is futile if it cannot withstand a motion to dismiss. Fla. Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996); see Burger King Corp . v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999) (futility is another way of saying "inadequacy as a matter of law").

The Court agrees that Plaintiff's amendment is futile. All of Plaintiff's state-law claims are based upon Topix's failure to police third-party conduct on its website. Section 230 of the CDA provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. §

230(c)(1). That section also states that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). "Thus, lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions–such as deciding whether to publish, withdraw, postpone or alter content–are barred" by the CDA. Zeran v. Am. Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997). Ultimately, "Congress made a policy choice . . . not to deter harmful online speech through the separate route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages." Id. at 330-31.

     First, Plaintiff has plead that Topix operates an "Interactive Computer Service." Cmpl., Dkt. No. [1-1] at ¶ 4. Second, all of Plaintiff's claims are predicated upon the John Does' defamatory postings on Topix's website and Topix's decisions regarding how and when it responded to them. It does not matter that Plaintiff has attempted to skirt this preemption by alleging that Topix fraudulently violated its own policies by not policing its content in a timely fashion. The Third Circuit rejected this argument in Green v. America Online, Inc., 318 F.3d 465, 471-72 (3rd Cir. 2003).

4

In <u>Green</u>, the plaintiff argued that AOL waived its § 203 immunity by promising that it would protect the plaintiff from other subscribers in its membership contract. 318 F.3d at 471. However, the Circuit found that, while agreeing to do so, the agreement also expressly disclaimed liability for third-party content and any related delays in removing such postings. <u>Id.</u> at 471. Here, like <u>Green</u>, Topix has expressly disclaimed liability "for any content that is provided or posted by you or others" and has stated that it is "not responsible for any failure or delay in removing any content." Ex. 2, Cmpl., Dkt. No. [1-2] at 1. At bottom, Plaintiff seeks to hold Topix liable for simply publishing the defamatory conduct and the consequences which flow from that decision. Therefore, Plaintiff's Motion to Amend [8] is **DENIED** as futile.

For the foregoing reasons, Defendant Topix's Motion to Dismiss [4] is also **GRANTED**. All of Plaintiff's state-law claims are preempted by the CDA's immunity, and Plaintiff has therefore failed to state a claim. <u>See</u> <u>Burger King Corp . v. Weaver</u>, 169 F.3d 1310, 1315 (11th Cir. 1999) (futility is another way of saying "inadequacy as a matter of law").

### B. Motion to Remand

Plaintiff next moves to remand this action to state court. Topix removed

5

this action but, following this order, will no longer be a party to this lawsuit. Because it appears based upon the Plaintiff's allegations that many of the John Does may be Georgia residents who will defeat diversity, the Court will **GRANT** Plaintiff's motion [9] and remand the action against the fictitious defendants to state court.

### C. Conclusion

Based upon the foregoing, Plaintiff's Motion to Amend [8] is **DENIED**, and Defendant Topix's Motion to Dismiss [4] is **GRANTED**. As well, Plaintiff's Motion to Remand [9] is **GRANTED**. The Clerk is directed to remand the remainder of this action to the Superior Court of Dawson County.

**SO ORDERED** this  28th  day of November, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE